# SUPREME COURT.

HIRAM W. BOSTWICK, respondent, agt. THE TIOGA RAILROAD
COMPANY, appellants.

Where an attachment was issued and levied on sufficient property to satisfy the
plaintiff's claim (over $3,000) in the action, and the attachment was subse-
quently discharged by the defendants' giving the requisite bond, and after issue
joined, and the cause noticed for trial and on the calendar at the circuit, the
parties settled—the defendants agreeing to pay a certain sum, and "*the plain-
tiff's costs and disbursements in the action.*"

*Held*, that it was not a case in which an *additional allowance* could be made under
section 308—there was no *recovery* within the meaning of that section.

Such a case is provided for by section 322, which limits the costs to the provisions
of section 304, the items of which are enumerated and defined in section 307.

*Argued Monroe General Term, September,* 1858, *decided Mon-
roe General Term, December,* 1858.

WELLES, SMITH *and* JOHNSON, *Justices.*

APPEAL from part of an order made at special term, which
order contains a statement of the facts, and is in the words and
figures following:

"This action was commenced in August, 1855, and at the
time of commencing the action an attachment was issued to
the sheriff of Steuben county, and levied on sufficient prop-
erty of the defendants, to wit: railroad cars, to satisfy the
amount claimed by the plaintiff, which exceeded the sum of
$3,000, which property was delivered by the sheriff to a
receiptor, and a few days after the levy of the attachment the
defendants appeared in the action and discharged the attach-
ment upon the order of the judge who issued the same, by
giving a bond for that purpose pursuant to statute. No in-
ventory or appraisal was made.

"The defendants served an answer and the cause was noticed
for trial at the June circuit for Steuben county, 1858, and
placed on the calendar, and during the circuit the same was
settled by the agreement of the defendants to pay in satisfaction

of the plaintiff's demand, a sum exceeding $1,500, and to pay the plaintiff's costs and disbursements in the action, all which, except said costs and disbursements, have been paid.

"After hearing Mr. Irvine, for defendant, in favor of striking out said items, and Mr. Spencer, for plaintiff, opposed: Ordered, that the said sum of $58.38, charged as sheriff's fees on attachment, be struck from said bill, except so much thereof as said sheriff is entitled to by way of a specific sum allowed to sheriff for serving attachment and making his return thereto, and his travel fee for making such service.

"And further ordered that, as to the said item of $60, charged as extra allowance on attachment, said motion be denied, and that the same be allowed as a part of the costs, to be paid pursuant to the said agreement."

The defendant appealed from so much of the order as denies the motion to strike out the item of $60, charged as extra allowance on the attachment, and directs the same to be allowed as part of the costs to be paid pursuant to the agreement.

WILLIAM IRVINE, *for appellant.*
GEORGE T. SPENCER, *for respondent.*

By the court—WELLES, Justice. Section 304 provides for the allowance of costs of course to the plaintiff, *upon a recovery,* in the following cases. The section then proceeds with an enumeration of the cases, &c., the fourth of which is: "In an action for the recovery of money, where the plaintiff shall recover $50 or more."

Section 305 provides that costs shall be allowed of course to the defendant, in the actions mentioned in section 304, unless the plaintiff be entitled to costs therein.

Section 306 provides respecting costs in other actions.

Section 307 provides what items shall be recovered when costs are allowed.

Section 308, as amended in 1857, provides that, in addition to these allowances, there shall be allowed to the plaintiff,

*upon the recovery of judgment* by him in any action for the partition of real property, or for the foreclosure of a mortgage, or in which a warrant of attachment has been issued, or for an adjudication upon a will or other instrument in writing, and in proceedings to compel the determination of claims to real property, the sum of ten per cent. on the recovery as in the next section prescribed, for any amount not exceeding $200; an additional sum of five per cent. for any additional amount not exceeding $400, and an additional sum of two per cent. for any additional amount not exceeding $1,000.

Section 309, as amended in 1857, declares that these rates shall be estimated upon the value of the property claimed or attached, or affected by the adjudication upon the will or other instrument, or sought to be partitioned, or the amount found due upon the mortgage in an action for a foreclosure, &c., &c.

This section was again amended in 1858, by adding the following:

" In difficult and extraordinary cases, where a trial has been had, and in any of the actions or proceedings specified in section 308, the court may also, in its discretion, make a further allowance to any party not exceeding five per cent. upon the amount of the *recovery or claim.*"

Section 322 provides that, upon the settlement, before judgment, of any action mentioned in section 304, no greater sum shall be demanded from the defendant, as costs, than at the rate prescribed in that section.

The foregoing are all the provisions of the Code to which it is necessary to refer for the purposes of the present question. It will be perceived that section 308 is the only authority for an extra allowance in any case whatever, and specifies the cases in which such an allowance may be made. It gives the allowance only *upon the recovery of judgment.*

The word *recovery* alone is afterwards mentioned in the same section, and also in section 309, but they are clearly referable to that part of section 308 which describes and specifies the cases for an additional allowance, where they are characterized as cases *upon the recovery of judgment.*

This is the kind of recovery afterwards mentioned, if, indeed, there can be any other kind, in a legal sense.

In the present case there was no recovery of judgment, but after the action proceeded to issue and was noticed for trial, and was on the calendar at the Steuben circuit in June, 1858, the parties settled, by the agreement of the defendant, to pay, in satisfaction of the plaintiff's demand, a sum exceeding $5,000, and to pay the plaintiff's costs and disbursements in the action. It is not a case, therefore, in which an additional allowance can be made under section 308, but is provided for by section 322, which limits the costs in such cases to the provisions of section 304, the items of which are enumerated and defined in section 307.

The order, so far as the same is appealed from, should be reversed, and the item of extra or additional allowance of $60 should be stricken out of the bill, with $10 costs of the appeal.

Ordered accordingly.